872 F.2d 416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilfred C. CRABTREE, Plaintiff-Appellant,
v.
EAGLE MANUFACTURING COMPANY, Defendant-Appellee.
 No. 88-2833.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1989.
Decided March 17, 1989.
 
 Peter R. Rich (Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt on brief) for appellant.
 William Edward Watson (Joyce D. Chernenko, William E. Watson & Associates on brief) for appellee.
 Before WILKINSON, Circuit Judge, and HAYNSWORTH and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Wilfred C. Crabtree appeals the district court's order granting summary judgment in favor of Eagle Manufacturing Company in this action alleging violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. and the West Virginia Human Rights Act, W.Va.Code Sec. 5-11-1 et seq. Crabtree contends that the court erred in granting summary judgment because the evidence established that a genuine issue of fact existed whether his age was a determining factor in Eagle's decision to fire him. Our examination of the record shows that summary judgment was proper, and we affirm based on the reasoning of the district court. Crabtree v. Eagle Mfg. Co., 85-0043-W(K) (N.D.W.Va. April 17, 1988).
 
 
 2
 Crabtree was hired by Eagle in 1945 and served as a foreman in the shipping department from 1970 until he was discharged in 1983 at the age of 61. About the same time on a consultant's advice, the company was trying to cut costs by reducing its work force. As a result, ten salaried employees were discharged. The company contends that Crabtree was one of the least efficient foremen, and that the assistant superintendent had to monitor his use of labor. No other foreman was placed under such restriction.
 
 
 3
 Crabtree admits that between 1980 and 1982 James Paul, general manager of Eagle, met with him on at least two occasions to discuss Eagle's dissatisfaction with his management of the shipping department and told him to cut his labor costs. The only evidence supporting Crabtree's claim is a comment made by John Paul, president of Eagle, shortly after Crabtree was terminated. John Paul said to him, "It's time for us older ones to step aside for the younger ones." In the absence of any other evidence of age discrimination, we hold that the district court was correct in finding no genuine issue of material fact that Eagle discharged Crabtree for legitimate, nondiscriminatory reasons.
 
 
 4
 AFFIRMED.